1

2

3

4

5

6

7

Honorable Richard A. Jones

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

MICHAEL J. FLYNN; and DENNIS LEE
MONTGOMERY and BRENDA KATHLEEN
MONTGOMERY, husband and wife,

Plaintiffs,

vs.

NV MORTGAGE INC. d/b/a Soma Financial
d/b/a www.mysoma.com; COUNTRYWIDE
FINANCIAL CORPORATION;
COUNTRYWIDE HOME LOANS, INC.;
COUNTRYWIDE BANK, FSB; BANK OF
AMERICA, N.A., successor to the
COUNTRYWIDE DEFENDANTS; BAC
HOME LOANS SERVICING, LP, successor to
the COUNTRYWIDE DEFENDANTS, LP;
BANK OF AMERICA CORPORATION,
successor to the COUNTRYWIDE
DEFENDANTS; and DOES 1-50,

Defendants.

Case No.  2:13-cv-00360-RAJ

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT

NOTED FOR CONSIDERATION:
DECEMBER 20, 2013

24

## I.  INTRODUCTION

25

As in their previous Complaint, Plaintiffs'[1] Second Amended Complaint ("SAC") once

26

27

28

---

[1] "Plaintiffs" refers to borrowers Dennis Montgomery and Brenda Montgomery, as well as the purchaser of the instant property, Michael Flynn.

**WK  WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

again merely duplicates a previous District of Columbia suit filed by the government against defendant Bank of America, N.A. ("BANA"). As this Court has already pointed out, "Plaintiffs' piggy-back approach to the District of Columbia case without allegations specific to Plaintiffs in this case is woefully insufficient." Instead of alleging a viable claim against Defendants[2], Plaintiffs again rely upon generalized allegations and theories lacking any legal or factual basis. Moreover, Plaintiffs still lack standing to bring this suit as their SAC fails to plead facts which demonstrate Defendants' purported actions caused them injury.

Specifically, Plaintiffs allege that Defendants are liable under Racketeer Influenced and Corrupt Organizations Act ("RICO") for "wire fraud" because BANA told Borrowers[3] that they were not eligible for a principal reduction modification of their loan, only an interest rate reduction modification. However, not only do Plaintiffs not establish that this representation was false but they also fail to plead their RICO claim with the requisite particularity. Plaintiffs go on to allege that Defendants submitted a false declaration to the bankruptcy court, yet allege no facts demonstrating the declaration was indeed false or that the declaration caused them harm. In fact, Plaintiffs do not allege foreclosure was even initiated – Borrowers filed for bankruptcy and the instant property was sold by the trustee of the bankruptcy estate. Finally, Plaintiffs allege that they were presented with an "improper" loan modification based on their perfunctory conclusion they were entitled to a government modification. However, the law is clear that lenders have no duty to provide a loan modification. Plaintiffs simply have not stated

---

[2] "Defendants" refers to Bank of America, N.A., as successor by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP; Countrywide Home Loans, Inc.; and Bank of America Corporation for itself and as successor by merger to Countrywide Financial Corporation.

[3] "Borrowers" refers to the borrowers under the instant mortgage loan, Dennis Montgomery and Brenda Montgomery.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT - 2
Case No. 2:13-cv-00360-RAJ
{S0817554; 1 }



422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

a viable claim against Defendants for at least the following reasons:

- Plaintiffs have no Article III standing to bring this suit, as they do not plead injury in fact traceable to the Defendants' alleged conduct;

- Plaintiffs' first claim for Violation of the Consumer Protection Act ("CPA") with respect to loan servicing fails because it is inadequately pled;

- Plaintiffs' second claim for Violation of the CPA with respect to foreclosure processing fails because it is inadequately pled;

- Plaintiffs' third claim for Violation of RICO fails because they do not plead Defendants committed at least two "predicate acts," or that they are involved in a criminal "enterprise,"; and

- Plaintiffs' fourth claim for Negligent or Intentional Infliction of Emotional Distress fails because they do not plead outrageous conduct by Defendants, nor do they allege facts which demonstrate Defendants *caused* the purportedly severe emotional distress.

## II. FACTS AND PROCEDURAL HISTORY

On or about September 5, 2006, Borrowers obtained a $2,280,000 mortgage loan from SOMA Financial (the "Loan") to finance real property located at 3812 94th Avenue NE, Yarrow Point, Washington 98004 (the "Property"). Declaration of Jody McCormick ("1st McCormick Dec."), ECF No.16. The Deed of Trust securing the Loan identifies Chicago Title as the Trustee and MERS as the beneficiary. *Id*. An Assignment of Deed of Trust was recorded June 6, 2011 which reflects that The Bank of New York, as Trustee for the CertificateHolders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-17, Mortgage Pass-Through



Certificates, Series 2006-17 ("BNYM") was assigned the beneficial interest under the Deed of Trust. *Id.*, Ex. B.

On June 26, 2009, Borrowers filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court in the Central District of California. SAC ¶ 2.1. Bankruptcy Petition Schedule D lists plaintiff Flynn as a creditor to the bankruptcy estate. 1st McCormick Dec., Ex. C, pg. 14. Schedule D also lists Countrywide Home Loans[4] as a secured creditor holding a first mortgage on the Property, with the amount of claim listed as $2,279,159.65. *Id.*, Pg. 12. Further, Borrowers' bankruptcy estate consists of three pieces of real property, and the Property is not listed as Borrowers' primary residence. *Id.*, pg. 3.

On February 28, 2013, the trustee of the Borrowers' bankruptcy estate entered into an Asset Purchase Agreement to sell the Property to Flynn. *See* SAC Ex. 1. Plaintiff Flynn purchased the Property subject to "all liens, secured interests and encumbrances of any kind." *Id.* at 43. Through the Purchase Agreement, Plaintiff Flynn acquired all legal claims against the lender, servicer, and assignees which hold an encumbrance upon the Property. *Id.* On April 4, 2013, a Quit Claim Deed was executed which transferred title to the Property to Flynn. 1st McCormick Dec., Ex. D. Borrowers admit they defaulted on the Loan, abandoned the Property, and are unable to pay any of the outstanding balance or participate in a loan modification program. SAC ¶ 5.13.

Borrowers filed the instant lawsuit on February 27, 2013. ECF No. 1. On February 28, 2013, an Amended Complaint ("Complaint") was filed which joined plaintiff Flynn. ECF No. 4. Plaintiffs' lengthy Complaint contains boilerplate allegations of wrongdoing by Defendants

---

[4] Borrowers appear to have listed the servicer of the Loan, Countrywide Home Loans, as the secured creditor instead of the lender SOMA Financial.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT - 4
Case No. 2:13-cv-00360-RAJ
{S0817554; 1 }

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

and most of the allegations were directed at the mortgage industry at large, and not at the handling of this specific Loan. *See* Complaint. After the Complaint was filed, Defendants filed a Motion to Dismiss for failure to state a claim. (ECF No. 15). This Court issued an Order on October 24, 2013 granting Defendants' motion, as Plaintiffs' Complaint is "largely devoid of factual allegations specific to plaintiffs Dennis and Brenda Montgomery…or Michael Flynn, contains numerous legal conclusions and conclusory allegations, and goes on at length regarding the allegedly improper practices of the mortgage industry in general. Indeed, the language in the complaint is remarkably similar, and, at times, largely identical, to the complaint filed in *United States v. Bank of America Corp.,* Case No. 12-361-RMC in the District of Columbia, Dkt. #1." ECF No. 30 ("Order") at 2: 4-11.

On November 7, 2013, Plaintiffs filed the instant SAC. ECF No. 31. The SAC is nearly identical to their previous Complaint, and alleges once more that BANA charged excessive late fees, did not properly apply loan payments, and improperly denied Borrower's loan modification application. SAC ¶¶ 5.5-5.12. Further, Plaintiffs allege that BANA caused Borrowers to file for bankruptcy and "robo-signed" documents in order to pursue foreclosure within the bankruptcy proceedings. *Id*. ¶¶ 5.12-5.13. Finally, Plaintiffs allege Defendants "lied about which loan modification plan to which the [Borrowers] were entitled." *Id*. ¶ 5.13. In addition to these boiler-plate and generalized allegations, which this Court recognized as pulled directly from a District of Columbia suit (Order at 9), Plaintiffs allege that BANA did not apply mortgage payments to the Borrowers' account – despite making the contrary allegation that the Borrowers were in default on the Loan. SAC ¶¶ 5.5a, 5.13. In addition, Plaintiffs charge that BANA representative Elsa Bolanos "robo-signed" a declaration filed in the



Borrowers' Bankruptcy case in support of BANA's motion for relief from the automatic stay. *Id*. ¶ 5.13.

Upon these conclusory and vague allegations, Plaintiffs bring four claims against Defendants for: (1) Unfair and Deceptive Consumer Practices with Respect to Loan Servicing; (2) Unfair and Deceptive Consumer Practices with Respect to Foreclosure Processing; (3) RICO; and (4) Negligent or Intentional Infliction of Emotional Distress.[5]

### III.   EVIDENCE RELIED UPON

This Motion to Dismiss relies upon the allegations in the Complaint and the recorded documents, of which the Court may take judicial notice,[6] attached to the Declaration of Jody M. McCormick filed in this matter on May 1, 2013, (ECF No. 16) and attached to Declaration of Jody M. McCormick filed contemporaneously herewith ("2nd McCormick Dec").

### IV.  ISSUE

Whether the Court should dismiss the SAC in its entirety for failure to state a claim upon which relief can be granted.

---

[5] Plaintiffs' SAC omits previous claims against Defendants for: (1) Unfair and Deceptive Practices With Respect to Loan Origination; (2) Violations of the False Claims Act; (3) Violations of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA").

[6] The Court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into a motion for summary judgment. *See, e.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995); *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the Borrower's claim"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the Borrower's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT - 6
Case No. 2:13-cv-00360-RAJ
{S0817554; 1 }



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1

## V.  ARGUMENT

2  **A.    Legal Standard**

3        Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and

4  plain statement of the claim showing that [he] . . . [is] entitled to relief' to 'give the

5  defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

6  *Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

7  (1957)). Claims that fail to meet this standard must be dismissed under Federal Rule of Civil

8  Procedure 12(b)(6).

9
10        While these Rules do not require heightened fact pleading, they do require that a

11  complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief

12  "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)

13  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570 (2007)). Where, however, the Borrower

14  fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint

15  must be dismissed." *Twombly*, 550 U.S. at 570. This "plausibility standard is not akin to a

16  'probability requirement,' but it asks for more than a sheer possibility that a defendant has

17  acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a

18  defendant's liability, it 'stops short of the line between possibility and plausibility of

19  'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Indeed,

20  where there is an "obvious alternative explanation" for the conduct alleged, the complaint

21  should be dismissed. *Iqbal*, 129 S. Ct. at 1951. Therefore, to survive a motion to dismiss under

22  Rule 12(b)(6), the Borrower must provide more than just "labels and conclusions"; rather, he

23  must provide the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555 ("formulaic

24  recitation of the elements of a cause of action will not do.").

25
26
27
28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT - 7
Case No. 2:13-cv-00360-RAJ
{S0817554; 1 }

**WK** WITHERSPOON·KELLEY
*Attorneys & Counselors*

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 129 S. Ct. at 1949-50 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[;] only a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id*. at 1950.

In addition, where it is clear amendment would be futile, the court may dismiss the Complaint without leave to amend. *See Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979).

**B.   Plaintiffs' Entire Suit Fails for Lack of Subject Matter Jurisdiction**

To demonstrate standing to sue in federal court, a plaintiff must show: (1) that they have suffered an injury in fact; (2) that the injury is traceable to the conduct complained of; and (3) a likelihood that the injury would be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed 2d 351 (1992). In deciding a motion to dismiss for lack of standing, the court can look beyond the pleadings to affidavits and other testimony in order to resolve factual disputes related to jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Here, Plaintiffs do not plausibly demonstrate injury in fact from Defendants' purported conduct, thus they do not have standing to bring this suit. Despite Plaintiffs lengthy complaint, there are very few allegations of specific conduct by Defendants toward Plaintiffs. Further, the purported injury is not traceable to the conduct complained of.

First, Plaintiffs allege that the Borrowers' loan was not modified due to Defendants conduct (SAC ¶ 5.13); yet, the law is clear that a borrower is in no way entitled to a loan



modification.[7] Accordingly, Plaintiffs cannot establish injury through loss of something they never had, to which they are not entitled. Regardless, Plaintiffs do not plead facts which demonstrate that there were any errors in the loan modification process.

Second, Plaintiffs allege the affidavit filed by a BANA representative in support of the Motion for Relief From Stay in Bankruptcy was "robo-signed" because the BANA representative declares that she reviewed the loan records when Plaintiffs contend they were told the loan documents were "lost." *See* SAC ¶ 5.13. Even assuming there were errors in the affidavit, such conduct does not amount to injury because although the automatic stay in bankruptcy was lifted (2nd McCormick Dec., Ex. A) foreclosure did not follow. Instead, the Chapter 7 trustee in the bankruptcy suit sold the Property to Plaintiff Flynn, who currently holds title to the Property.[8] As foreclosure could be the only injury traceable to the lifting of the automatic stay, and foreclosure did not occur, Plaintiffs can plead no injury from this conduct.

Third, Plaintiffs allege that because BANA "strung along the [Borrowers] for years beginning in 2008 with promises to modify the terms of their Loan" Plaintiff Michael Montgomery suffered a brain aneurism. *See* SAC ¶ 9.3. But, Plaintiffs do not establish through allegations of fact that BANA's conduct led to a brain aneurism. As reflected in the bankruptcy Summary of Schedules, the instant Property connected to the mortgage loan was but one of three parcels of real estate held by the Borrowers – and the Property was not the Borrowers'

---

[7] A party is not obligated to accept a material change in the terms of its contract, and there "cannot be a breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms." *Badgett v. Security State Bank*, 116 Wn.2d at 570, 807 P.2d at 360 (1991).

[8] The Chapter 7 trustee is charged with the responsibility of administering the assets of the estate for the benefit of the creditors.  11 U.S.C. 704.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT - 9
Case No. 2:13-cv-00360-RAJ
{S0817554; 1 }

WK  WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1   primary residence. 1st McCormick Dec., Ex. C. In fact, the Property was a small portion of the

2   Borrowers' total assets at the time they filed for bankruptcy, as their assets totaled over

3   $53,225,540. *See id.* Plaintiffs do not, and cannot, show that the aneurism was caused by

4   failure to modify the Loan, and not from filing for bankruptcy – or any number of possible

5   causes. Id. Further, Borrowers were not "strung along" on their loan modification application

6   for years, as they filed for bankruptcy in 2009, just a year after they began the application

7   process. *Id*. Once the bankruptcy was filed, the Loan and Property became part of the

8   bankruptcy, and could not be modified. In short, Plaintiffs do not establish that it was their

9   inability to obtain a loan modification which led to the brain aneurism, rather than filing for

10   bankruptcy of an estate with over fifty three million dollars' worth of assets. *See id*.

11
12         Because Plaintiffs allege no injury in fact from their claims, they have no Article III

13   standing to bring this suit.

14
15   **C.    Plaintiffs' First Claim for Violation of the CPA with Respect to Loan Servicing**
       **Fails because it is Inadequately Pled**

16         Plaintiffs bring a claim for Violation of the Washington CPA against BANA for

17
18   purportedly deceptive practices related to the servicing of the Loan. SAC ¶¶ 6.1-6.3.

19   Specifically, Plaintiffs allege BANA harmed Borrowers by "payment of improper fees and

20   charges, unreasonable delays and expenses to obtain loss mitigation relief, improper denial of

21   loss mitigation relief, and loss of homes due to improper, unlawful, or undocumented

22   foreclosures." SAC ¶ 6.3. Plaintiffs further allege they have had to incur "expenses in the

23   investigations and attempts to obtain remedies for Defendants' unlawful conduct." *Id*.

24   However, Plaintiffs fail to allege an unfair or deceptive act during the servicing of their loan,

25   and further fail to allege they have been damaged. Because Plaintiffs do not allege deceptive

26
27
28



actions by the Defendants *toward the Plaintiffs* which resulted in damage to the Plaintiffs, their CPA claim fails as a matter of law.

To prevail on a private Washington CPA claim, a plaintiff must prove: (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) an impact on the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785, 719 P.2d 531 (1986). The failure to establish even one of these elements is fatal to a plaintiff's claim. *Id.* at 793.

Whether a defendant's conduct is an unfair or deceptive act or practice is a question of law. *Micro Enhancement Intern., Inc. v. Coopers & Lybrand, LLP*, 110 Wn. App. 412, 438, 40 P.3d 1206 (2002). An unfair or deceptive act or practice requires the plaintiff to prove that the act "had the capacity to deceive a substantial portion of the public." *Burns v. McClinton*, 135 Wn. App. 285, 302-03, 143 P.3d 630 (2006).

In *Hangman Ridge* the Court held that while the injury need not be great, it must be established. The CPA permits plaintiffs to seek their actual damages, plus attorneys' fees and costs, and sometimes, treble damages not to exceed $25,000. RCW 19.86.090.

Here, despite their lengthy Complaint, Plaintiffs fail to allege facts supporting a single element of their CPA claim.

First, Plaintiffs do not allege deceptive or unfair actions taken by BANA in servicing the Loan. Plaintiffs allege that BANA didn't apply two of the Borrowers' loan payments, yet they fail to state how – even if this were true – this constitutes a deceptive act, and further they fail to state this theory with particularity. SAC ¶ 6.3. Regarding Plaintiffs' allegation that there was an "improper" denial of loss mitigation relief, there is once again an absence of particular



1  facts. Plaintiffs have not established that denial of the loan modification was "improper" as

2  there is no duty upon a lender to provide a loan modification. In fact, a party to a contract is not

3  obligated to accept a material change in the terms of its contract, and may "[stand] on its rights

4  to require performance of a contract according to its terms." *Badgett v. Security State Bank*,

5  116 Wn.2d at 570, 807 P.2d at 360 (1991).

6

7      Second, Plaintiffs perfunctorily allege that the public interest element is met through a

8  reference to the Consent Judgment. But, the Consent Judgment is not relevant to any actions

9  taken in connection with *this* Loan, and whether those same actions affect the public. In short,

10 Plaintiffs fail to allege actions taken by BANA *toward them* which constitute an unfair or

11 deceptive act, and do not allege that these same actions have affected the public.

12     Third, as fully outlined in Section V. D, Plaintiffs have not alleged injury under the

13 CPA. Although Plaintiffs allege the "loss of homes due to improper, unlawful, or

14 undocumented foreclosures" (SAC ¶ 6.3), their SAC does not allege that the Property was sold

15 at a foreclosure sale. In fact, the Property was sold to plaintiff Flynn as part of the bankruptcy

16 estate. *See* Complaint Ex. 1, and Quit Claim Deed, 1st McCormick Dec., Ex. D. Thus, Plaintiffs

17 have not been injured through purported foreclosure of the Property. Plaintiffs also allege that

18 they have incurred expenses from investigations and "attempts to obtain remedies." SAC ¶ 6.3.

19 Through so alleging, Plaintiffs appear to refer to their attorney's fees and not any actual

20 damages caused by the servicing of the Loan. However, Plaintiffs may seek attorney's fees

21 under RCW 19.86.090, a separate statute which allows attorney's fees to be sought in CPA

22 claims, as attorney's fees alone cannot constitute injury under the CPA.  If this were true the

23 "injury" element would be met every time a plaintiff hired an attorney to bring a CPA claim.

24     Plaintiffs fail to point to money damages or property loss to prove injury under the



CPA, and do not allege an unfair or deceptive action by Defendants toward the Plaintiffs which affects the public interest. Thus, Plaintiffs claim for Violation of the CPA with respect to loan servicing fails.

**D.    Plaintiffs' Second Claim for Violation of the CPA is Inadequately Pled**

Plaintiffs' second claim for Violation of the CPA alleges that Defendants caused injury to Plaintiffs through "improper fees and charges, unreasonable delays and expenses to obtain loss mitigation relief, improper denial of loss mitigation relief, due to improper improper [sic] foreclosure proceedings…" SAC ¶ 7.3. Once more, Plaintiffs allege they have been injured through "investigations and attempts to obtain remedies." *Id*. However, Plaintiffs make the contradictory allegation that foreclosure did not occur – they instead concede that they abandoned the Property and that it was sold through the trustee of their bankruptcy estate to plaintiff Flynn. SAC ¶¶ 2.2, 5.13. Since foreclosure was never even initiated, Plaintiffs have not (and cannot) allege an injury.

In addition, Plaintiffs appear to allege that part of the "improper foreclosure procedures" involved a false affidavit in support of the Motion to Lift the Stay in Borrowers' bankruptcy proceeding. SAC ¶¶ 5.19, 5.20. However, Plaintiffs fail to allege facts in support of this conclusory allegation. Instead, Plaintiffs allege the declaration states that BANA holds the Deed of Trust, yet the declaration states that BNYM is the Note-holder. *See* 2nd McCormick Dec. Plaintiffs present no facts to suggest BNYM does *not* hold the Note, nor do they bring any allegations of fact which would suggest that the declaration within the Motion to Lift the Stay is false. *Id*. Indeed, the Assignment of the Deed of Trust reflects BNYM as the current holder of the Deed of Trust. *See* 1st McCormick Dec., Ex. B. Plaintiffs have presented no factual

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT - 13
Case No. 2:13-cv-00360-RAJ
{S0817554; 1 }

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

1    allegations which would suggest perjury or deception was involved in the Motion to Lift the

2    Stay.

3           Thus, Plaintiffs' claim which alleges wrongdoing during foreclosure fails.

4    **E.     Plaintiffs' Third Claim Under RICO Fails because it is Inadequately Pled**

5           To state a private claim under RICO, a plaintiff must allege with "particularity the time,

6    place, and manner of each act of fraud, plus the role of each defendant in each scheme."

7    *Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir.

8    1991). A plaintiff must allege four elements: (1) conduct (2) of an enterprise (3) through a

9    pattern (4) of racketeering activity. *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d

10   216, 233 (1st Cir. 2003). In addition, a civil RICO plaintiff must allege injury in his business or

11   property "by reason of" a violation of RICO's substantive provisions. 18 USC § 1964(c). To

12   prove a pattern of racketeering, plaintiffs must allege at least two predicate offenses. *Clark v.*

13   *Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008).

14          This Court previously held that "[a]lthough the complaint mentions wire and

15   bankruptcy fraud…any allegations of fraud must be pled under the heightened Rule 9(b)

16   standard, which plaintiffs have failed to do." Order at 8. Plaintiffs' SAC once more fails to

17   allege facts which demonstrate Defendants committed two predicate acts under the RICO

18   statute. Further, Plaintiffs fail to allege injury caused to them by Defendants' purported

19   conduct.

20          **1.     Plaintiffs do not Sufficiently Allege at Least Two Predicate Acts**

21          In support of their RICO claim, Plaintiffs allege that BANA committed two predicate

22   acts when it: (1) "filed a knowingly false declaration under penalty of perjury in the

23   [Borrowers'] bankruptcy case in connection with its Motion for Relief From Stay…"; and (2)

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT - 14
Case No. 2:13-cv-00360-RAJ
{S0817554; 1 }



422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

committed "wire fraud when it communicated on at least 15 occasions between 2008 and 2012 with the [Borrowers] concerning their loan modification attempts and eligibility…". SAC ¶ 8.4. But, Plaintiffs' theory that the affidavit filed by a BANA representative was somehow "robo-signed" is baseless; Plaintiffs do not allege coherent facts which demonstrate the affidavit was false. Instead, Plaintiffs make the incongruent argument that the affidavit was "robo-signed" because the Borrowers had purportedly previously been told their loan documents were "lost" – leading Plaintiffs to the conclusion that the BANA representative who signed the affidavit could not have personally reviewed the files. SAC ¶ 5.13. However, even assuming Plaintiffs were told that unidentified documents had been "lost," this does not equate to the BANA representative failing to review the Loan file. In addition, Plaintiffs' second theory on why the affidavit is "robo-signed" is premised upon their allegation that they were only one payment in arrears on the Loan – not three payments as the affidavit declares. *Id*. However, a dispute as to the arrearage amount does not equate to the BANA representative knowingly lying on the affidavit. Further, the Borrowers had the opportunity to dispute the arrearage amount when the Motion for Relief from Stay was filed, but they did not.

> **i.    The Doctrine of Stare Decisis Precludes Plaintiffs' Theory that the Affidavit in Support of the Motion for Relief from Stay was "Robo-Signed"**

Borrowers previously filed for Chapter 7 Bankruptcy on June 26, 2009. SAC ¶ 2.1, 1st McCormick Dec., Ex. C. Plaintiffs dispute that the affidavit filed by a BANA representative – which states that Borrowers were in default – on the Loan is accurate because BANA purportedly "informed [them] on numerous occasions that their Loan documents were "lost" and could not be provided to them…" SAC ¶ 5.13. Despite admitting to being in default of the Loan at the time, Plaintiffs allege the amount of arrearages listed on the affidavit is incorrect.



*Id.* However, the issue of whether Borrowers were in default on their loan was decided by the Bankruptcy Court, through the Order Granting the Motion for Relief From Stay. 2nd McCormick Dec., Ex. B. Indeed, the Bankruptcy court already accepted the authenticity of the supporting BANA affidavit through its Order granting the Motion to Lift the Stay. *Id.* Under Ninth Circuit law, this brings the present issue of whether that previous Order was properly decided under the purview of the doctrine of stare decisis.[9]

Within the Ninth Circuit, the doctrine of horizontal stare decisis (i.e., the effect of decisions by courts at the same level) operates to bind subsequent panels. For the Ninth Circuit to overrule its own precedent, it must issue an en banc decision. *Miranda B. v. Kitzhaber*, 328 F. 3d 1181, 1185 (9th Cir. 2003) (panel must follow prior panel decisions unless a Supreme Court decision, an en banc decision, or subsequent legislation undermines its precedential value).

Here, the doctrine of stare decisis acts as a bar to Plaintiffs' assertion that the Order Granting the Motion to Lift the Stay was improperly decided. Plaintiffs' allegation that the BANA affidavit in support of the motion was "robo-signed" is an issue which was necessarily decided when the Court granted the Motion. Borrowers had the opportunity to challenge the authenticity of the BANA affidavit prior to the Bankruptcy Court's Order but declined to do

---

[9] Similarly, the Law of the Case Doctrine stands for the principle that a court should not undo a previous ruling. "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988) (internal citations omitted). "For the law of the case doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Hydrick v. Hunter*, 500 F.3d 978, 986 (9th Cir.2007) (internal citations omitted).



so. Accordingly, Plaintiffs have alleged insufficient facts for this Court to revisit the issues

which were decided in the Order Granting the Motion for Relief From Stay.

### ii. Plaintiffs have not Alleged a Viable Wire Fraud Theory as a Predicate Act

Plaintiffs make the assertion that BANA committed the predicate act of wire fraud

through its communications with the Borrowers concerning their loan modification application.

SAC ¶ 8.4. In support of their "wire fraud" theory, Plaintiffs allege that BANA purportedly

falsely represented "that they were only eligible for an interest modification when in fact they

were eligible for a principal reduction as well and falsely represented to the [Borrowers] that

their loan documents were "lost"…." *Id*. Plaintiffs theory fails because, once more, they fail to

allege **any** specific facts in support of their theory – much less state facts with the required

particularity. Plaintiffs do not allege who made these representations to them, what was said,

when it was said, and by what means it was communicated. Further, Plaintiffs have not

established that they were, in fact, eligible for a principal reduction loan as they contend. Thus,

Plaintiffs have not established that what was stated to them was false.

Accordingly, Plaintiffs' RICO claim fails to satisfy any of the required elements. In

addition to failing to plead two predicate acts, there are no specific facts pled alleging that

BANA was involved in an "enterprise" with other entities and therefore this claim fails as a

matter of law.

### F. Plaintiffs' Fourth Claim for Negligent or Intentional Infliction of Emotional Distress Fails because it is Inadequately Pled

Plaintiffs' fourth claim for Negligent or Intentional Infliction of Emotional Distress

fails once more for failing to allege outrageous conduct, and for failing to establish that the

purported conduct caused injury. Plaintiffs assert that the "outrageous" conduct committed was

---

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT - 17
Case No. 2:13-cv-00360-RAJ
{S0817554; 1 }



WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

that BANA "strung along" the Borrowers on their loan modification application. SAC ¶ 9.3. Further, Plaintiffs allege that the "causal result of Defendants' misconduct has left…Mr. Montgomery with a brain aneurism and limited life expectancy." SAC ¶ 1.3. However, Plaintiffs do not allege facts which demonstrate that the purportedly "outrageous" actions caused Mr. Montgomery's aneurism.

Under Washington law, the elements of the tort of intentional infliction of emotional distress are: (i) extreme and outrageous conduct; (ii) intentional or reckless infliction of emotional distress; and (iii) actual result to the plaintiff of severe emotional distress. *Kloepfel*, 149 Wash.2d at 195, 66 P.3d 630; *Dombrosky v. Farmers Ins. Co*., 84 Wash.App. 245, 261, 928 P.2d 1127 (1997). The claim must be predicated on conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kloepfel*, 149 Wash.2d at 196, 66 P.3d 630; *Dombrosky*, 84 Wash.App. at 261, 928 P.2d 1127. The question whether particular conduct rises to the requisite level of outrageousness is "ordinarily a question of fact for the jury." *Dombrosky*, 84 Wash.App. at 261, 928 P.2d 1127. The Court, however, may dismiss a claim if reasonable minds could not differ as to the conclusion that the alleged behavior was not sufficiently extreme. *Id*. at 261-62, 928 P.2d 1127.

Here, once again, Plaintiffs fail to plead facts which specify that the conduct of Defendants was so outrageous as to go beyond all possible bounds of decency. Plaintiffs' make the vague and conclusory allegation that they were "strung along" in the loan modification process, yet fail to allege what was improper about BANA's actions toward their modification application. *See* SAC ¶ 9.3. Even if BANA did delay the loan modification process, as Plaintiffs allege, this does not rise to outrageous conduct. Further, Plaintiffs cannot establish



that Defendants actions caused Borrowers' bankruptcy and Mr. Montgomery's aneurism. In short, Plaintiffs fail to explain how Defendants' purported actions were outrageous or caused them harm. Plaintiffs' claim for Negligent or Intentional Infliction of Emotional Distress fails.

## VI.  CONCLUSION

For all these reasons, the Complaint fails to state a single viable cause of action against Defendants.   In addition, it is clear that no amendment can cure the SAC's deficiencies. Therefore, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).   In addition, Defendants respectfully request that any lis pendens recorded against the Property be removed.

Respectfully submitted this 19th day of November, 2013.


WITHERSPOON·KELLEY


By:   _s/Jody M. McCormick_
        Jody M. McCormick, WSBA #  26351
        jmm@witherspoonkelley.com
        Steven J. Dixson, WSBA #38101
        sjd@witherspoonkelley.com
        Witherspoon Kelley
        422 West Riverside, Suite 1100
        Spokane, WA 99201-0300
        Telephone: 509.624.5265
        Facsimile: 509.458.2728

        *Attorneys for Defendants Bank of America, N.A.,*
        *as successor by merger to Countrywide Bank,*
        *FSB and BAC Home Loans Servicing, LP;*
        *Countrywide Home Loans, Inc.; and Bank of*
        *America Corporation for itself and as successor*
        *by merger to Countrywide Financial Corporation*

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT - 19
Case No. 2:13-cv-00360-RAJ
{S0817554; 1 }



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1

## CERTIFICATE OF SERVICE

2
I hereby certify that on the 19th day of November, 2013,

3
     1.    I caused to be electronically filed the foregoing DEFENDANTS' MOTION TO
4
DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT with the Clerk of the Court
using the CM/ECF System which will send notification of such filing to the following:

5
          •   **Paul Edward Brain**
6
             pbrain@paulbrainlaw.com, jdavenport@paulbrainlaw.com

7
     2.    I hereby certify that I have mailed by United States Postal Service the foregoing
8
to the following non-CM/ECF participants at the address listed below: **None.**

9
     3.    I hereby certify that I have mailed by United States Postal Service the document
to the following CM/ECF participants at the address listed below: **None.**
10

11
     4.    I hereby certify that I have hand-delivered the document to the following
participants at the addresses listed below: **None**.

12

13

14
                             *s/ Jody M. McCormick*
15
                             Jody M. McCormick, WSBA No. 26351
WITHERSPOON · KELLEY
16
                             422 W. Riverside Ave., Suite 1100
Spokane, WA 99201-0300
17
                             Phone: 509-624-5265
Fax: 509-458-2717
18
                             jmm@witherspoonkelley.com

19

20

21

22

23

24

25

26

27

28

